IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN SASANKO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-307 Erie |
| ) | JUDGE SEAN McLAUGHLIN |
| MARILYN BROOKS, ) | MAGISTRATE JUDGE BAXTER |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the instant Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

**II.    REPORT**

This is the third petition for writ of habeas corpus filed by Dean Sasanko which this court has addressed, and all concern the same state court conviction. His first petition, docketed at Civil Action No. 87-2502, and addressed to his conviction of murdering his stepfather and grandmother in 1984, was dismissed without prejudice on March 22, 1988. Sasanko filed his second petition at Civil Action No. 01-1197. This petition was dismissed as untimely on August 14, 2001, and the Court of Appeals denied a certificate of appealability on December 14, 2001. The Court of Appeals denied a subsequent petition for rehearing on February 26, 2002.

Sasanko next filed a motion under 8 U.S.C. § 2244 seeking leave to file second or successive petition. He filed this in the Court of Appeals for the Third Circuit at No. 02-1954. The Court of Appeals denied the application on June 5, 2002. Sansanko thereafter returned to state court, and filed what was, in effect, his third state court collateral proceeding. This was denied by the state court without a hearing on January 13, 2003 (Docket #5, Exhibit 50) and the denial of such relief was affirmed on appeal.

Sasanko has now filed his third petition for writ of habeas corpus in this court. For the following reasons, the petition must be dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. §2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. 28 U.S.C. §2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. 28 U.S.C. §2244(b)(2)(A). In all instances, however, if a prisoner desires to file a second or successive section 2254 petition, AEDPA requires that the petitioner first seek authorization from the Court of Appeals. 28 U.S.C. § 2244(3)(A).

The only question before the court, then, is whether Sasanko has filed one or more prior petitions which would make this a second or successive petition for purposes of AEDPA. Sasanko's first habeas petition, filed at Civil Action No. 87-2502, does not count as a "previous" petition since it was dismissed on procedural grounds, and the court never reached the merits of the claims raised therein. Compare, Christy v. Horn, 115 F.3d 201, 208 (3d Cir.1997)(prior petition dismissed without prejudice for failure to exhaust state remedies did not count as a first petition for purposes of AEDPA, as "[t]he problems that the abuse of the writ doctrine seeks to avoid are not implicated when a petition is filed after a prior petition is dismissed for lack of exhaustion."). By contrast, Sasanko's second petition, filed at Civil Action No. 01-1197, was not dismissed without prejudice. Instead, it was dismissed with prejudice as has having been untimely filed. Such a dismissal does qualify a petition as a "first petition" for purposes of AEDPA. Murray v. Griener, 394 F.3d 78, 81 (2d Cir. 2005)(dismissal of petition on procedural default grounds, or as untimely, or any other basis erecting permanent and incurable bar to review, qualifies petition as prior petition for purposes of AEDPA).

Petitioner Sasanko has already filed a "first" petition for purposes of the AEDPA, and he may not now seek habeas relief with respect to the same state court conviction unless he has first moved "in the appropriate court of appeals for an order authorizing the district court to consider the [second or subsequent] application." 18 U.S.C. § 2244(b)(3)(a). This Court cannot exercise jurisdiction

here because, as a prerequisite to doing so, the plain language of AEDPA requires that Sasanko receive the authorization of the Court of Appeals. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002); United States v. Kelly, No. 97-0193, 2001 WL 1251208, at *1 (E.D. Pa. July 23, 2001)("Thus, this court is without jurisdiction to review Kelly's current petition before appropriate action is taken in the Court of Appeals."). When a habeas petitioner has not secured permission to file a second or successive petition, the district court's only options are to dismiss the petition or to transfer it to the Court of Appeals. Robinson, supra. This is so since the successive inquiry must be addressed first, as it is jurisdictional in nature. "It would circumvent the intent of the gatekeeping function of § 2244 for a district court to proceed to rule on the merits of a second or successive petition or on any affirmative defense before the court of appeals has made a decision whether to let the petition for habeas corpus proceed in the district court." Id., 313 F.3d at 140.

**Certificate of Appealability**

Section 102 of the Antiterrorism Act (28 U.S.C. § 2253(c) (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." The instant petition does not present any valid issue for appeal. Accordingly, a certificate of appealability should be denied.

## CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the instant petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
UNITED STATES MAGISTRATE JUDGE

Dated: January 12, 2006

cc:    The Honorable Sean J. McLaughlin  
       United States District Judge

       Ronald M. Wabby, Esquire  
       Assistant District Attorney  
       401 Allegheny County Courthouse  
       Pittsburgh, PA 15219

       Dean Sasanko, AP-8165  
       SCI Albion  
       10745 Route 18  
       Albion, PA 16475