IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEAN SASANKO,** | : |
| Petitioner, | : C.A. No. 04-307-Erie |
| | : District Judge McLaughlin |
| V. | : Magistrate Judge Baxter |
| | : |
| **MARILYN BROOKS,** | : |
| Respondents. | : |

### OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

Now comes Petitioner, Dean Sasanko, and brings forth the following Objections to the Magistrate's Report and Recommendation and in support states as follows:

This matter comes before the Court based upon the Magistrate's R & R, recommending the denial of Petitioner's writ of habeas corpus and certificate of appealibilty. The Court's review of the matter is plenary as the issue raised is a question of law, and of first impression in this Court. Petitioner incorporates by reference his original writ and filings as if fully stated herein.

**QUESTION RAISED:**

DID THE STATE COURTS ERR, AS A MATTER OF LAW, WHEN IT DENIED HEARING PETITIONER'S PCRA CLAIM BASED UPON THE TIMELINESS DOCTRINE WHEN PETITIONER'S LEGAL TRANSCRIPTS AND DOCUMENTS WERE DESTROYED BY DEPARTMENT OF CORRECTIONS PERSONNEL, CREATING THE PROCEDURAL BARR USED TO DENY HEARING THE ISSUES ON THEIR MERITS?

Petitioner has filed a P.C.R.A. in the state court and appealed it through the Pennsylvania Supreme Court. At the heart of the issue is whether the confiscation and destruction of Petitioner's transcripts and legal documents surrounding the state conviction in question would amount to governmental interference, which ultimately denied him *meaningful* access to the courts? While it is true that Petitioner had filed a previous writ of habeas corpus regarding this case, See Magistrate's R & R, pg.1, citing previous docket number 01-1197; the Court dismissed the issues on procedural grounds and his issues have never been heard on their respective merits, either in this Court or the state courts.

Pennsylvania law provides a P.C.R.A. to attack a criminal sentence unilaterally (42 Pa.C.S. §9545(b)(i). There are only three exceptions that over-come the procedural bar. One of which is

government interference. The question has never been addressed by this Court on whether the confiscation and destruction of an inmates transcripts and other legal documents regarding the criminal conviction would or should include Department of Correction personnel as government officials when their actions hinder, alter or deny an inmates access to the courts. It is obvious that these actions violate the First Amendment of the United States Constitution.

In the case sub judice, Petitioner had his transcripts and legal documents destroyed and lost twice while under the custody of the Pennsylvania Department of Corrections. When Petitioner filed this last post conviction collateral relief (P.C.R.A.), he did so with only limited documents involving his case. He was also, according to the time constraints imposed by the P.C.R.A. state rules, four (4) months late in filing his P.C.R.A. This created the procedural time bar now being used to deny this Court from considering the merits of his underlying issues. Petitioner asks this Honorable Court to consider his memorandum of law in support of his writ of habeas corpus.

While the Magistrate Judge states in the R & R, pg.2, that the only question before the court is whether Petitioner has filed one or more prior petitions, which would make this a second or successive petition for purposes of AEDPA, that is respectfully not quite accurate: As asked *supra*, would the confiscated and destruction of Petitioner's legal documents, which severally hindered his P.C.R.A. and was directly responsible for its late filing, constitute government interference? There is no question that the confiscation and destruction of his legal documents lead to the late filing of the P.C.R.A. which has now created a procedural bar from the Federal Court hearing the issues. This is a matter of first impression as Petitioner has extensively researched the issue and found nothing close to being on point with the issue raised herein.

The prior writ of habeas corpus under No. CA-01-1197, should be excluded as a previously filed writ due to the history of this case. Why would any court deny hearing the merits of the case when the entire procedural default was caused by the willful conduct of governmental officials in form of the Department of Corrections, in destroying/confiscating Petitioner's legal documents. As there is no alternative measure for relief in Pennsylvania outside the framework of the P.C.R.A., <u>Com. v. Kutnyak</u>, 781 A.2d 1259 (Pa.Super.2001), Petitioner suggests that the above destruction of legal documents was an actual denial of access to the courts and the issue presented now should be entertained by this Honorable Court. The language of section 2254(d)(1) expressly limits the provision's application to claims that were *adjudicated on the merits in state court proceedings*. Accordlingly, if a claim was not adjudicated on the merits, a

federal court is obliged to employ the traditional pre-AEDPA standard of *de novo* review of the legal and mixed legal factual rulings, <u>Hudson v. Hunt</u>, 235 F.3d 895 (4thCir.2000). Further, regarding the procedural default on Petitioner's P.C.R.A., a statue of limitations should be tolled in the rare situation where equitable tolling is demanded by sound legal priciples as well as the interests of justice, <u>Jones v. Morton</u>, 195 F.3d 153, 159 (3rdCir.1999). See also, <u>Valverde v. Stinson</u>, 224 F.3d 129, 133-35 (2ndCir.2000)(finding confiscation of legal papers "extraordinary" and sufficient to warrant an evidentiary hearing). The instant case alleges facts sufficient to show sound legal principles and interest of justice demand sparing doctine of equitable tolling.

Accordingly, Petitioner would ask this Honorable Court to consider the foregoing in conjuction with the memorandum of law in support of his writ.

**REQUEST FOR CERTIFICATE OF APPEALIBILITY**

The Magistrate Judge has recommended that a certificate of appealibilty be denied. Petitioner respectfully requests that the Court reject that recommendation and grant him the certificate due to the seriousness of the issue presented and the fact that this legal question is one of first impression.

WHEREFORE, Petitioner prays this Honorable Court grant the relief requested herein.

Respectfully submitted,

January 22, 2006

Dean Sasanko AP-8165
10745 Route 18
Albion, Pa. 16475-0002

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEAN SASANKO,<br>    Petitioner,<br><br>V.<br><br>MARILYN BROOKS,<br>    Respondents. | : <br>: C.A. No. 04-307-Erie<br>: District Judge McLaughlin<br>: Magistrate Judge Baxter<br>:<br>:<br>: |

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the foregoing Objections was served upon the following by U.S. First Class Mail, on the date indicated below:

District Attorney's Office
401 Allegheny County Courthouse
436 Grant Street
Pittsburgh, Pa. 15219

January 23, 2006

                                            Dean Sasanko, pro se